IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

NARWAL TRADING (HONG KONG) CO., LIMITED,

Plaintiff,

v.

SHENZHEN SHERMON TECHNOLOGY CO., LIMITED,

Defendant.

No.

**COMPLAINT FOR DECLARATORY JUDGMENTS OF PATENT NON-INFRINGEMENT AND INVALIDITY**

JURY TRIAL DEMANDED

Narwal Trading (Hong Kong) Co., Limited ("Plaintiff" or "Narwal") brings this Complaint for Declaratory Judgment against Defendant Shenzhen Shermon Technology Co., Limited ("Defendant" or "Shermon") and alleges as follows:

**THE PARTIES**

1.    Plaintiff Narwal Trading (Hong Kong) Co., Limited is a Hong Kong corporation with its principal place of business at Room 1209, Inter-continental Plaza, 94 Granville Road, Tsim Sha Tsui East, Kowloon Hong Kong, China, 999077. Narwal sells the Accused Product (defined below) on Amazon.

2.    Upon information and belief, Defendant Shenzhen Shermon Technology Co., Limited is a company organized and existing under the laws of the People's Republic of China. Shermon has a place of business at 501, E Times Building, Heng Road, No. 159, North

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 1

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

Pingji Avenue, Hehua Community, Pinghu Street, Longgang District, Shenzhen, China. Shermon is the assignee of record for U.S. Patent No. 11,503,975.

## NATURE OF THE ACTION

3.     Plaintiff seeks declaratory judgments of invalidity and non-infringement of U.S. Patent No. 11,503,975 ("the '975 Patent") arising under the patent laws of the United States and 28 U.S.C. §§ 2201–2202 of the Declaratory Judgment Act. A copy of the '975 Patent is attached hereto as Exhibit A.

4.     This relief is necessary because Defendant has asserted ownership of the '975 Patent and accused Plaintiff of infringing the '975 Patent by selling robotic vacuum products on Amazon under Amazon Standard Identification Number ("ASIN") B0F6CWKBTN (the "Accused Product").

5.     Specifically, Defendant submitted a complaint to Amazon under Amazon's Patent Evaluation Express ("APEX") procedure that resulted in the removal of Plaintiff's product listing for the Accused Product from Amazon.

6.     Plaintiff denies that the Accused Product infringes any valid and enforceable claim of the '975 Patent. Plaintiff further contends that the claims of the '975 Patent are invalid. Therefore, an actual controversy exists between Plaintiff and Defendant.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because this action arises under the laws of the United States, and in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq*., and seeks relief under the Federal Declaratory Judgment Act.

8.     This Court has personal jurisdiction over Defendant because Defendant purposefully directed extra-judicial patent enforcement activities at this District. Defendant submitted an APEX complaint to Amazon, who administers the APEX program, with a principal place of business is in Seattle, Washington. Defendant has also directed the APEX



process at Plaintiff, a corporate entity that is registered in Hong Kong and that operates an Amazon store with sales directed to Washington State. *See SnapRays, DBA SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1373–78 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1424 (2025).

9.    Furthermore, by signing the Amazon Patent Evaluation Express Agreement ("APEX Agreement") governing its participation in the APEX procedure, Defendant agreed that "[p]articipants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington." (APEX Agmt. ¶ 5.) A copy of the APEX Agreement is attached hereto as Exhibit B.

10.    Venue properly exists in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims of this Declaratory Judgment action occurred in this District. Alternatively, venue properly exists in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) as Defendant is not a resident in the United States and may be sued in any judicial district. The APEX Agreement that Defendant executed further provides that disputes arising out of the APEX process shall be litigated in the federal or state courts located in Seattle, King County, Washington.

11.    As described in more detail below, an immediate, real, and justiciable controversy exists between Defendant and Plaintiff as to whether the Accused Product allegedly sold by Plaintiff infringes the '975 Patent, and whether any claim of the '975 Patent is valid. Because this action presents an actual controversy with respect to the non-infringement and invalidity of the '975 Patent, the Court may grant the declaratory relief sought under 28 U.S.C. §§ 2201-2202.

## FACTUAL BACKGROUND

12.    Narwal is renowned as a global consumer robotics and smart home technology company. Narwal develops and manufactures high-end, artificial intelligence-powered

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 3

**ARÊTE LAW GROUP**
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

robotic vacuums and mops and base stations. Narwal is a registered Amazon Seller for selling Narwal-branded products on Amazon.

13. The Accused Product with ASIN B0F6CWKBTN is a Narwal-branded robot vacuum, which was available for purchase on Amazon. A printout of the Amazon listing page for the Accused Product with ASIN B0F6CWKBTN that was removed by Amazon is attached hereto as Exhibit C.

14. The '975 Patent, entitled "Dry-Wet Separation Cleaning Floor Brush," was filed with the United States Patent and Trademark Office on March 27, 2020, and issued on November 22, 2022. The '975 Patent claims priority to Japanese Patent Application No. JP 2020-055351, dated March 26, 2020. The named inventors are Xiaofeng Wang, Shangliu Liu, and Chaoliang Ma. The current assignee of the '975 Patent is Shermon.

15. On or about April 29, 2026, Defendant executed an Amazon Patent Evaluation Express Agreement ("APEX Agreement"), asserting the Accused Product (along with several other non-Narwal branded products) infringe Claim 1 of the '975 Patent. On information and belief, Shermon submitted the APEX Agreement to Amazon on or about the same date. The submission initiated Amazon's APEX procedure for resolving the patent dispute between Defendant Shermon and Plaintiff Narwal.

16. On or about April 30, 2026 (Beijing time), Amazon generated an email notice under the APEX procedure (the "APEX Notice"), informing Plaintiff that the Accused Product had been identified as potentially infringing the '975 Patent and that the ASIN listing was subject to removal within twenty-one (21) days if the notice was ignored. The email notice was screened out by Narwal's email server and captured in Narwal's spam mail folder, and thus, Narwal was unaware that Defendant had submitted the APEX complaint. As a result, Narwal was unable to meet the twenty-one (21) day deadline to respond to the APEX complaint. A true and correct copy of the APEX notice is attached hereto as Exhibit D.

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 4



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

17.    On or about May 22, 2026 (Beijing time), Amazon generated a takedown notice under the APEX procedure indicating that the Accused Product with ASIN B0F6CWKBTN had been taken down in response to the APEX complaint. The Accused Product was taken down before Plaintiff had an opportunity to oppose the APEX complaint. A true and correct copy of the takedown notice is attached hereto as Exhibit E.

18.    The Amazon marketplace constitutes a primary sales channel for Plaintiff in the United States. Because of Defendant's APEX complaint, Plaintiff's listing for the Accused Product has been removed from Amazon, thereby cutting off access to Plaintiff's significant channel of trade. As a result, Defendant's actions have caused, and continue to cause, immediate and irreparable harm to Plaintiff, including loss of sales, market share, and associated goodwill.

19.    The Amazon APEX procedure is an extra-judicial process with the stated goal to efficiently resolve claims that third-party sellers infringe utility patents on Amazon. The APEX procedure does not allow for discovery, a trial, or a hearing. The APEX procedure is limited to the evaluation of one patent claim. The APEX procedure permits only two defenses other than non-infringement. The first defense is a pre-existing finding of patent invalidity or unenforceability by a court or federal governmental agency. The second is a showing that the Accused Product was on sale for more than one year before the asserted patent's earliest effective filing date.

20.    Under the APEX procedure, Amazon will remove an accused listing at the end of a three-week period from the date of the APEX Notice unless, within the period, (i) the Amazon seller settles with the patent owner and the patent owner retracts the complaint; (ii) the Amazon seller participates in the full APEX program and submits the dispute to a neutral evaluator appointed by Amazon to determine whether the product at issue is likely infringing or not; or (iii) the Amazon seller files a declaratory judgment action in the Federal Court and notifies Amazon of the filing.

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 5

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

21. Narwal does not infringe the '975 Patent and/or the '975 Patent is invalid.

22. The Accused Product does not infringe on the '975 Patent because the Accused Product does not, at a minimum, meet the claim limitation reciting "a partition plate [provided within a housing of the product] dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected to each other."

23. The '975 Patent is invalid because the claims that Defendant has asserted or intends to assert are either anticipated or rendered obvious by at least each of the following prior art references: a United States Patent No. 7,578,020 ("US020 Reference"), an International Patent Application Publication No. WO2005055795 ("WO795 Reference"), and a Chinese Patent Application No. CN201810528117.5 with a publication number CN108606730A ("CN730 Reference"). A true and correct copy of the US020 Reference is attached hereto as Exhibit F. A true and correct copy of the WO795 Reference, along with a Google machine translation, is attached hereto as Exhibit G. A true and correct copy of and the CN730 Reference, along with a Google machine translation, is attached hereto as Exhibit H.

24. The CN730 Reference was published on October 2, 2018. The reference constitutes prior art with respect to the '975 Patent under 35 U.S.C. § 102(a).

25. A case or controversy exists as to whether any of the claims of the '975 Patent are valid and whether any valid and enforceable claim of the '975 Patent is infringed by the Accused Product.

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

26. The allegations of paragraphs 1 through 25 are incorporated herein by reference with the same force and effect as if set forth in full below.

27. Upon information and belief, Defendant is the owner of the '975 Patent. Defendant asserts that at least Claim 1 of the '975 Patent is infringed by the Accused Product.

28. The '975 Patent has three independent claims—Claims 1, 9, and 16.

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 6



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

29.    The independent claims of the '975 Patent have the following common limitation—"A dry-wet separation cleaning floor brush comprising a housing, . . . wherein the housing is provided with a partition plate dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected to each other."

30.    The Accused Product does not infringe on any claim of the '975 Patent because the Accused Product does not, at a minimum, meet the common limitation above reciting "a partition plate [provided within a housing] dividing the inner part of the housing into a first storage chamber and a second storage chamber which are disconnected to each other."

31.    An actual, substantial, continuing, and justiciable case or controversy exists regarding whether any claim of the '975 Patent is or will be infringed by the Accused Product.

32.    Declaratory relief is appropriate and necessary to establish that the sale or offer for sale of the Accused Product does not infringe any valid and enforceable claim of the '975 Patent and to avoid irreparable injury and damage to Plaintiff.

33.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that the Accused Product does not infringe any claim of the '975 Patent.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

34.    The allegations of paragraphs 1 through 33 are incorporated herein by reference with the same force and effect as if set forth in full below.

35.    Defendant asserts that at least Claim 1 of the '975 Patent is infringed by the Accused Product. (*See* Exhibit B ("Patent claim number for Evaluation: Claim 1.")). Upon information and belief, Defendant may also assert that Claims 9 and 16 are infringed by the Accused Product.

36.    At least claims 1, 9, and 16 of the '975 Patent are invalid for failure to comply with the requirements for patent laws of the United States, including but not limited to 35 U.S.C. §§ 102 and 103.



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

37.     Independent claims 1, 9, and 16 of the '975 Patent are invalid as anticipated under 35 U.S.C. § 102 by, *inter alia*, the CN730 Reference. The reference was published on October 2, 2018. The reference constitutes prior art with respect to the '975 Patent under 35 U.S.C. § 102(a).

38.     The CN730 Reference discloses each and every limitation of Claim 1 of the '975 Patent. For example, the reference discloses a vacuum cleaner having a housing, a stiff roller brush, and a soft roller brush. The reference also teaches that "the stiff roller brush is partially contained in the first storage chamber and is movably connected to the housing, and the stiff roller brush partially protrudes the housing" and "the soft roller brush is partially contained in the second storage chamber and is movably connected to the housing, and the soft roller brush partially protrudes the housing." (*E.g.*, Exhibit A, '975 Patent, Claim 1, preamble.) The reference further teaches that "the first storage chamber is provided with a vacuum cavity, and the stiff roller brush is partially contained in the vacuum cavity and is movably connected to the housing" and the first storage chamber having "a dust collection cavity and a dust passage through which the vacuum cavity is connected with the dust collection cavity, wherein external dust is sucked into the vacuum cavity by the rotation of the stiff roller brush, and external dust is stored in the dust collection cavity through the dust passage." The reference similarly discloses the limitations of Claims 9 and 16 of the '975 Patent.

39.     The US020 Reference and the WO795 Reference disclose each and every limitation of Claim 1 of the '975 Patent. The US020 Reference and the WO795 Reference each show and describe vacuum cleaner comprising a housing, a stiff roller brush, and a soft roller brush. Each reference shows that the housing includes a partition plate dividing the housing into a first storage chamber and a second storage chamber that are disconnected from each other. The references also teach that "the stiff roller brush is partially contained in the first storage chamber" and "the soft roller brush is partially contained in the second storage

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 8

ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

chamber." (*E.g.*, Exhibit A, '975 Patent, Claim 1, preamble.) Each reference shows that "the first storage chamber is provided with a dust collection cavity and a dust passageway . . . where external dust is sucked into the vacuum cavity by the rotation of stiff roller brush, and external dust is stored in the dust collection cavity through the dust passage." The US020 Reference and the WO795 Reference similarly disclose the limitations of Claims 9 and 16 of the '975 Patent.

40.     An actual case or controversy exists regarding whether at least some of the '975 Patent claims that Defendant has asserted or would assert against Plaintiff are valid.

41.     Declaratory relief is appropriate and necessary to establish that at least some of '975 Patent claims are invalid and to avoid irreparable injury and damage to Plaintiff.

42.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment that certain claims of the '975 Patent are invalid.

**RESERVATION OF RIGHTS**

43.     Plaintiff hereby reserves the right to amend the Complaint with additional claims or defenses as the scope of its dispute with Defendant evolves, and/or as discovery proceeds in this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A.     Declare that certain claims of the '975 Patent are invalid;

B.     Declare that the Accused Product does not infringe and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '975 Patent;

C.     Declare Plaintiff as the prevailing party and this case as exceptional and award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

D.     Award recoverable costs as allowed by law; and

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 9



ARÊTE LAW GROUP
600 University St, Suite 2420
Seattle, WA 98101
O: (206) 428-3250

E.    Such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

DATED:  May 28, 2026.                                    **ARETE LAW GROUP PLLC**

By:  */s/ Jeremy Roller*
Jeremy E. Roller, WSBA No. 32021
600 University Street, Suite 2420
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com

**LEYDIG, VOIT & MAYER, LTD.**

Nicole E. Kopinski (*pro hac vice* forthcoming)
Pei Raymond Chen, Ph.D. (*pro hac vice* forthcoming)
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
nkopinski@leydig.com
rchen@leydig.com

*Attorneys for Plaintiff Narwal Trading (Hong Kong) Co., Limited*

COMPLAINT FOR DECLARATORY JUDGMENTS OF
PATENT NON-INFRINGEMENT AND INVALIDITY
Page 10

